IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHOMAS T. WINSTON,

                Plaintiff,

    v.                                                            ORDER

DAN HUNEKE, LARRY FUCHS,                      18-cv-953-jdp
and COREY RAHLF,

                Defendants.

---

Pro se plaintiff and prisoner Shomas T. Winston moves for reconsideration of the decision granting summary judgment to defendants on his retaliation claim. I concluded in that decision that no reasonable jury could find that defendants had disciplined Winston because he had filed a constitutionally protected grievance rather than because they believed that he had disobeyed orders and solicited staff. Dkt. 42.

For reasons he doesn't explain, Winston filed two separate motions, Dkt. 44 and Dkt. 45, and he doesn't identify a Federal Rule of Civil Procedure in either of them. But he clarifies in his reply brief that he is seeking to alter or amend the judgment under Rule 59, which requires him to show that the court committed a manifest error of law or fact or that newly discovered evidence precludes entry of judgment. *See Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012).

Winston doesn't identify any new evidence, but he contends in both motions that the court erred in several respects. Most of his arguments are simply rehashes of his summary judgment brief, and I addressed those arguments in the summary judgment order. But he raises one issue that warrants attention, which is that the court erred by making a credibility determination. Specifically, he says that he denied doing and saying some of the things of

which he was accused in the disciplinary proceedings, so the court was required at the summary judgment stage to accept his version of events as true. He points to portions of his summary judgment filings in which he denied statements by Dr. Becerra that were used against him at his hearing. (Becerra is one of the female clinicians Winston was accused of soliciting.)

Winston is correct that "[c]redibility determinations . . . lie exclusively within the fact-finder's domain and are not appropriate for a district court to make at the summary judgment stage." *Townsend v. Fuchs*, 522 F.3d 765, 774–75 (7th Cir. 2008). But I did not make any credibility determinations. I noted throughout the opinion where Winston disputed the evidence against him. But those disputes simply weren't material, for two reasons.

First, Winston did not dispute much of the evidence against him. For example, it was undisputed that he continued contacting Becerra even after he was told multiple times not to do so and that he disregarded a warning that he would receive a conduct report if he continued contacting female psychological services staff. That evidence was more than enough to support defendants' finding that Winston had violated prison rules.

Second, and more important, the question in this case was not whether defendants were correct in finding that Winston had solicited female staff members. If Winston wanted to challenge that finding, the proper mechanism was a writ of certiorari in state court. *See State ex rel. Curtis v. Litscher*, 2002 WI App 172, ¶ 12, 256 Wis. 2d 787, 650 N.W.2d 43 ("Certiorari is the well-established mode of judicial review for inmates . . . who seek to challenge prison disciplinary decisions."). The only question in this case was whether defendants disciplined Winston because he filed a constitutionally protected grievance. Winston's motions for reconsideration do not appreciate the fundamental difference between those two questions.

Becerra was not a defendant in this case. And she wasn't a witness either: she wasn't deposed and she didn't submit a declaration. Her statements were relevant only as evidence that defendants considered during the disciplinary process. But whether she was telling the truth wasn't relevant; the question was whether *defendants* honestly believed her statements and the other evidence supporting their finding that Winston had solicited female staff. *See Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 580–81 (7th Cir. 2015) (even if the reason for the defendant's decision is "foolish or trivial or even baseless," the reason is not retaliatory "so long as it is honestly believed"). In other words, it wasn't enough for Winston to present evidence that Becerra wasn't telling the truth; he needed to present evidence that defendants weren't telling the truth about the reasons they disciplined him. The court explained this in *Wilson v. Greetan*:

> [A hearing officer] must make credibility determinations frequently. . . . He is not required to believe the prisoner in every instance or face liability for violating the prisoner's constitutional rights. *Cf. Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004) (prison official "may be responsible without being credulous"). Rather, plaintiff must show that [the hearing officer] did not honestly believe that the conduct report was valid, but he decided to find plaintiff guilty of it anyway.

571 F. Supp. 2d 948, 955 (W.D. Wis. 2007).

I may assume for the purpose of summary judgment that defendants made a mistake and that they should have believed Winston over Becerra. But a mistake is not retaliation. And Winston hasn't pointed to evidence that defendants didn't honestly believe all the evidence

3

against him. That is what matters, so Winston's motions for reconsideration, Dkt. 42 and Dkt. 44, are DENIED.

       Entered May 18, 2020.

                                      BY THE COURT:

                                      /s/

                                      _____

                                      JAMES D. PETERSON
                                      District Judge