IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| SHOMAS T. WINSTON, | |
| Plaintiff, | ORDER |
| v. | Case No. 18-cv-953-jdp |
| DAN HUNEKE, et al. | Appeal No. 20-1643 |
| Defendants. | |

---

| | |
|---|---|
| SHOMAS WINSTON, | |
| Plaintiff, | ORDER |
| v. | Case No. 20-cv-286-jdp |
| BRIAN HELD, et al. | |
| Defendants. | |

---

| | |
|---|---|
| SHOMAS WINSTON, | |
| Plaintiff, | ORDER |
| v. | Case No. 20-cv-367-jdp |
| DOCTOR FREDERICK W. KRON, et al., | |
| Defendants. | |

---

This court previously entered orders assessing plaintiff initial partial filing and appeal fees in these cases, which plaintiff has paid. Now, plaintiff has submitted a motion to direct prison officials to follow federal filing fee guidelines.

Under the Prison Litigation Reform Act, an inmate who files a lawsuit or appeal in federal court under the *in forma pauperis* statute must pay the statutory filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in

installments of 20% of the preceding month's income until the remaining balance is paid in full. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.  28 U.S.C. § 1915(b)(2). To clarify, officials at the institution are authorized to deduct or otherwise hold 20% from each deposit into plaintiff's account for application to any unpaid filing fees, but must wait to forward payments to the court until the amount available exceeds $10.

In plaintiff's motion, he reports that currently 20% of his monthly deposits are being deducted from his inmate account to pay the remaining filing fee balance for each of the above lawsuits pursuant to 28 U.S.C. § 1915(b)(2). However, plaintiff says that these deductions from his inmate account are frozen, even though the institution is still taking money for such fees and is not distributing the collected fees to the court.

From the inmate account plaintiff provided with his motion (dkt. 41-1), it appears most recently that three payments in the amount of $19.00 (for 20-cv-286), $15.20 (20-cv-367) and $12.16 (20-1643 (18-cv-953)) were deducted from plaintiff's inmate account on November 20, 2020 and are listed as "frozen for fed filing fees."  Even though the inmate account lists specific case numbers that the institution is applying the deductions to, this court applies payments received from the institution by paying off any remaining filing fee balance on the oldest case first followed by the next oldest case and so on until all outstanding filing fees owed by plaintiff have been paid.

The court's financial records indicate that a payment of $50.26 was received on December 7, 2020, from the institution on behalf of plaintiff and was applied to case no. 18-

cv-953 to pay the remaining balance of the $505.00 appeal fee. (Copy of the Case Inquiry Report for Case Nos. 18-cv-953, 20-cv-367 and 20-cv-286 are attached to this order.) Prior to receiving the December 7 payment, the court consistently has been receiving payments from the institution on behalf of plaintiff to pay the remaining balance on the $350.00 filing fee for case no. 18-cv-953. Once the $350.00 filing fee and the $505.00 appeal fee have been paid in full for case no. 18-cv-953, any payments that the court receives from the institution on plaintiff's behalf next will be applied to balance owed on case no. 20-cv-286.

ORDER

IT IS ORDERED that plaintiff Shomas Winston's motion to direct prison officials to follow federal filing fee guidelines in the above-captioned cases is DENIED as unnecessary.

Entered this 21st day of December, 2020.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge